UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mark and Linda Lessard,
    Plaintiffs

    v.                                                Civil No. 05-cv-192-SM

Wilton-Lyndeborough Cooperative
School District and State of New Hampshire,
Department of Education,
    Defendants

**O R D E R**

Defendants appeal the Magistrate Judge's ruling denying their motion to strike the administrative record filed by plaintiffs in this IDEA case. For the reasons set forth below, that appeal is sustained, the Magistrate Judge's order is vacated, and defendants' motion to strike (document no. 21) is granted.

**Discussion**

Rule 9.3(a) of this court's Local Rules defines an IDEA administrative record as consisting of:

> any documents contained in the administrative file [of the state agency], any findings or decisions of the hearing officer, a transcript of those portions of the administrative hearing or hearings that either party or

>      the court reasonably deems to be necessary to the
>      resolution of the case, and any exhibits produced
>      during the administrative hearing or hearings.

L.R. 9.3(a).  Local Rule 9(b) requires that the "plaintiff shall <u>obtain</u> and file a copy of the administrative record within thirty (30) days after the complaint is filed."  The rule also specifies the practice for certifying the accuracy of the administrative record upon which judicial review will be based.

   Although plaintiffs offer all manner of justification for not doing so, it is plain that they did not "obtain and file a copy of the administrative record."  It seems that rather than obtain a copy of the record, they attempted to recreate it on their own.  What they filed as the "administrative record" consists of a collection of documents or copies of documents that, in their view, roughly duplicates the actual administrative record (though some of the filed documents have plaintiffs' hand-written notations on them and others are facially incomplete).  Moreover, it seems equally clear that plaintiffs have not followed the certification procedure specified in Local Rule 9.3(b).

The State is obligated to, and indeed stands ready and willing to provide an authentic copy of the administrative record to plaintiffs for filing.  It is difficult to understand, then, why plaintiffs (or more to the point, their legal counsel) thought it appropriate to waste their time (and plaintiffs' money) in cobbling together their own version of the "administrative record" from copies of relevant documents.  Nor is it clear why counsel would think it appropriate to try to pass such an informal compilation off as the authentic administrative record in the case.  It seems like an entirely futile, unnecessary, and costly misadventure.  No doubt an explanation exists, but it is not disclosed on this record.

It should go without saying that the administrative record presented to the court for review must be accurate and reliable, and, critically, authentic.  What plaintiffs have put together and filed may or may not roughly approximate what is actually in the administrative record, but it is hardly authentic, and certainly is inconsistent with what the rules plainly and unambiguously require.  The court, with the advice and counsel of the bar, enacted Local Rule 9.3 to avoid precisely the type of

problem presented and to insure that the record is authentic and reliable.

## Conclusion

Defendants' appeal is sustained.  The Magistrate Judge's order dated August 18, 2005, denying the motion to strike, is vacated.  Defendants' Motion to Strike IDEA Administrative Record (document no. 21) is granted.

The "administrative record" filed by plaintiffs is stricken and shall be returned to them.  Plaintiffs shall obtain and file an authentic administrative record within thirty (30) days of the date of this order, and shall comply with the procedures set out in Local Rule 9(b) relative to certification.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 9, 2005

cc: Jennifer A. Eber, Esq.
    Richard L. O'Meara, Esq.
    Pamela e. Phelan, Esq.
    Trina F. Ingelfinger, Esq.
    Gerald M. Zelin, Esq.
    Karen A. Schlitzer, Esq.