UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Mark and Linda Lessard</u>,
    Plaintiffs

    v.                                         Civil No. 05-cv-192-SM
                                               Opinion No. 2006 DNH 105**C**
<u>Wilton-Lyndeborough Cooperative</u>
<u>School District and The State of</u>
<u>New Hampshire Dept. of Education</u>,
    Defendants

**<u>O R D E R</u>**

In their three count complaint, plaintiffs assert that the state educational hearings officer who presided over their due process hearing deprived them of certain rights guaranteed by the Individuals with Disabilities Education Act (counts one and two) and failed to reasonably accommodate Mrs. Lessard's claimed disability, as required by the Americans with Disabilities Act (count three).  Pending before the court is plaintiffs' motion to supplement the administrative record.  Specifically, plaintiffs' seek an evidentiary hearing, at which they propose to introduce testimony from Mrs. Lessard and their expert, Dr. Kemper – testimony they say the hearings officer prevented them from introducing at the due process hearing.  Defendants object.

**Standard of Review**

District court review of state educational administrative proceedings is focused on two questions: (1) whether the parties complied with the procedural requirements of the IDEA; and (2) whether the IEP developed through those procedures was reasonably calculated to "confer some educational benefit upon the handicapped child." Bd. of Educ. v. Rowley, 458 U.S. 176, 200 (1982). See also Lenn v. Portland Sch. Comm., 998 F.2d 1083, 1086 (1st Cir. 1993) (holding that federal law does not require that "the benefit conferred [by the IEP] reach the highest attainable level or even the level needed to maximize the child's potential."). The burden of proof rests with the party challenging the administrative decision – here, the Lessards. See Hampton Sch. Dist. v. Dobrowolski, 976 F.2d 48, 54 (1st Cir. 1992); Roland M. v. Concord Sch. Comm., 910 F.2d 983, 991 (1st Cir. 1990).

The IDEA provides that, in "any action brought under [this statute], the court shall receive the records of the administrative proceedings [and] shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C) (internal punctuation omitted). But, the court's review of the administrative proceedings does not entitle the appealing party

to a trial de novo.  Accordingly, the decision to allow a party to supplement the administrative record is committed to the court's discretion.  See, e.g., Roland M., 910 F.2d at 996-97; Town of Burlington v. Dept. of Edu., 736 F.2d 773, 790-91 (1st Cir. 1984).

## Discussion

In support of their motion to supplement the record, plaintiffs' assert that: (1) Mrs. Lessard was "denied" the opportunity to testify at the administrative hearing (despite the fact that she was offered the opportunity to testify on several occasions) because she was overwhelmed and intimidated by the proceedings and because the hearings officer refused to accommodate her claimed disability (i.e., by declining to schedule the hearing over several days and by refusing some of Mrs. Lessard's requests for recess); and (2) Dr. Kemper was "denied" the opportunity to testify because the hearings officer refused to hold the record open for several weeks until Dr. Kemper's personal schedule would allow him to appear and testify.

In light of the administrative record before the court, plaintiffs' claims that the hearings officer was biased against

Mrs. Lessard, failed to reasonably accommodate her claimed (but unsupported) disability, "denied" Mrs. Lessard the opportunity to testify, and abused his discretion in refusing to delay the proceedings until Dr. Kemper was available to testify would seem to be fairly weak.  The current record certainly suggests that the hearings officer acted well within the bounds of what the IDEA requires, did not demonstrate an improper bias against Mrs. Lessard, and acted within his discretion in declining to hold the record open so Dr. Kemper could provide what appears to be cumulative and unnecessary testimony.  Ordinarily, then, the court would be disinclined to allow plaintiffs the opportunity to supplement the already voluminous administrative record.  This, however, is not an ordinary case.

While Mrs. Lessard may or may not suffer from a "disability" that requires accommodation under the ADA, it would certainly seem that she does suffer from deficiencies that likely prejudiced her ability to adequately represent the interests of her daughter (at the due process hearing, neither Mrs. Lessard nor her daughter was represented by counsel).  And, because the goal of this process is to ensure that the plaintiffs' daughter receives an appropriate IEP, the court will, in the exercise of

its discretion, allow plaintiffs' to supplement the record with testimony from Mrs. Lessard and Dr. Kemper.

## Conclusion

Plaintiffs' motion for an evidentiary hearing to supplement the administrative record (document no. 50) is granted.  The Clerk of Court shall schedule a two hour hearing on a date agreeable to the parties.

Counsel are reminded that, as noted above, the court's inquiry in this case is focused on two questions: (1) whether the parties complied with the procedural requirements of the IDEA; and (2) whether the IEP developed through that process was reasonably calculated to enable the Lessard's daughter to receive some educational benefits.  Counsel will, then, be expected to introduce or proffer evidence relevant to those two inquiries and not cumulative of what already exists in the record.  Additionally, the parties should be prepared to discuss whether it is appropriate to sever from this IDEA case the claim advanced by Mrs. Lessard that she was entitled to, but denied, reasonable accommodation under the ADA.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 11, 2006

cc:   Jennifer A. Eber, Esq.
      Richard L. O'Meara, Esq.
      Pamela E.  Phelan, Esq.
      Jeanne M. Kincaid, Esq.
      Karen A. Schlitzer, Esq.